Hon. JOHN WELLS,
Hon. JAMES D. COLT,
Hon. MARCUS MORTON, } Justices.
Hon. WILLIAM C. ENDICOTT,
Hon. CHARLES DEVENS, Jr.

## MIDDLESEX COUNTY.

### Thomas Connor vs. Luther L. Parker.

The defendant, a sheriff, by a writing directed to one by name "or bearer," appointed him keeper of attached property; he, with the sheriff's knowledge, transferred his office and the writing to another, who, without the sheriff's knowledge, transferred them to the plaintiff. In an action by the plaintiff to recover pay as keeper, it was ruled that the action could be maintained, and the defendant's offer to show that the plaintiff's assignor had agreed to act without pay was rejected. Upon exceptions, *Held*, that the action could not be maintained, because the assignor could not delegate his authority; but if the authority could be delegated, then the evidence was admissible, because the plaintiff must take the authority on the terms on which his assignor held it.

CONTRACT to recover for services as keeper over property attached by the defendant, as sheriff, according to the following account annexed: "To services as keeper, 485 days, from May 20, 1871, to Sept. 22, 1872, at $2 per day, — $970." The answer was a general denial.

At the trial in the Superior Court, before *Dewey*, J., the evi-dence showed that the defendant attached personal property on mesne process, and gave to one Savage the following writing . " Malden, May 20, 1871. To W. H. Savage, or bearer. I hereby constitute and appoint you keeper of all the stock of acids, mate-rials, machinery, &c., the goods and chattels now in a manufactory occupied by the Boston Copper & Sulphuric Acid Co., which property is the property of the Boston Copper & Sulphuric Acid Co., by virtue of a writ wherein the Taunton Copper Mfg. Co. is the plaintiff, and said Boston Copper & S. Acid Co. the defend-ant. You are therefore authorized and required to safely keep the same in custody of the law until otherwise ordered by me. Luther L. Parker, deputy sheriff." It further appeared that Savage, with the knowledge of the defendant, transferred this writing to one Bartlett, who was in the employ of the defendant named in the writ, in order that he might act as keeper of the property, and that afterwards, without the knowledge of the defendant, and without any authority or consent except what may be inferred from the paper, Bartlett transferred the writ-ing to the plaintiff, who thereafter acted as keeper of the property.

The defendant offered to show that the agreement made be-tween him and Bartlett was that Bartlett should retain custody of the property without compensation, but he did not contend that the plaintiff had any knowledge of this agreement.

The court excluded the evidence, and ruled that if the defend-ant made an attachment of personal property by virtue of a writ held by him, and placed Savage in possession of it as his keeper, giving to him the certificate and the authority conferred by it, and that subsequently the certificate was, by the defendant's di-rection, delivered by Savage to Bartlett, and Bartlett, afterwards, being the keeper of the property and the holder of the certificate, delivered the certificate and the possession of the property to the plaintiff without the knowledge of the defendant, and the plain-tiff, holding the certificate, kept possession thereafter, he was en titled to recover a reasonable compensation for his services as keeper.

The jury returned a verdict of $456.52 for the plaintiff, who remitted $100, and the defendant alleged exceptions.

*S. J. Thomas,* for the defendant.

*W. G. Sprague,* for the plaintiff.

DEVENS, J.   Even if the authority from Parker to keep the attached property, which was directed to " Wm. H. Savage or bearer," gave to Savage the right to transfer it so as to constitute the person to whom it might be thus transferred the lawful custodian, and enable him to maintain an action for services rendered as such, yet it would not authorize such person to again transfer it, invest the person thus substituted with a power of substitution, and continue this power indefinitely to whoever might find himself lawfully in possession of it.   Such a document has not the qualities and characteristics of negotiable paper, nor can it be considered as available in the hands of any one who may hold it in a regular course of delivery no matter how far he may be removed from the party to whom it was originally com mitted.

It is ordinarily of no consequence to whom one pays a sum of money which is due, provided he thereby acquits his debt; but it was of much importance to the defendant, responsible as he was for this property, who should be the custodian of it ; and it is not to be presumed, without words more explicit than these, that he intended to become indefinitely responsible.

Again, if Bartlett had this authority, the evidence of the terms of the contract, in regard to compensation, under which Bartlett held the property should have been admitted.   Bartlett could do no more than transfer to the plaintiff the benefit of his contract with the defendant ; he was not made an agent of the defendant to contract with the plaintiff that he should have a reasonable sum for his services, any more than any other sum which might be fixed between them, and the plaintiff must be bound by the agreement made by Bartlett for compensation.   The paper from which the right to the custody is claimed was entirely silent on this subject; but when one becomes the assignee of a contract, he must take it as it has been made by the assignor.

*Exceptions sustained.*